

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TED WARREN LEWIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-177 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DENY
# APPLICATION TO PROCEED *IN FORMA PAUPERIS*
# and TO DISMISS FOR FAILURE TO PAY FILING FEE

On September 19, 2008, petitioner filed with this Court a federal Petition for a Writ of Habeas Corpus. Petitioner did not submit with his petition any payment to satisfy the requisite $5.00 filing fee. Included with his petition, petitioner submitted an application to proceed *in forma pauperis* with a copy of his current Texas Department of Criminal Justice *in forma pauperis* data sheet. On November 13, 2008, petitioner filed another "Motion to Proceed In Forma Pauperis." The November 13 motion did not, however, contain a copy of petitioner's current Texas Department of Criminal Justice data sheet.

Petitioner's data sheet reflects receipt of deposits totaling $80.00 during the six-month period prior to the filing of his petition. Petitioner's balance as of October 2008 is reflected as $196.89. Therefore, petitioner does not qualify for a grant of pauper's status. Petitioner possesses, has possessed, or has had access to, the funds needed to pay the $5.00 filing fee in the

instant cause and should have included such payment with the submission of his application or subsequent to such submission.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner's request to proceed *in forma pauperis* be DENIED. It is the further RECOMMENDATION of the Magistrate Judge that the habeas application filed by petitioner TED WARREN LEWIS be DISMISSED for failure to pay the $5.00 filing fee.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of November 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R.

Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

**If petitioner pays the $5.00 filing fee within fourteen (14) days after the "entered" date of this Report and Recommendation, the recommendation of dismissal will be withdrawn.**

**If, within fourteen (14) days after the "entered" date of this Report and Recommendation, petitioner submits to this Court evidence that he has authorized his institution to disburse the requisite funds from his trust account by properly completing and submitting to the prison a Form I-25 entitled "Inmate Request for Withdrawal," this case will be held in abeyance for thirty (30) days from the date of the Form I-25, pending receipt of the filing fee. If payment has been received during the 30-day time period, the recommendation of dismissal will be withdrawn. If no payment has been received at the end of the 30-day time period, the case will remain subject to dismissal. It is petitioner's responsibility to monitor the disbursement of the requisite funds from his trust account, and ensure that such funds have been withdrawn and transmitted to the Court. Petitioner shall advise the Court, prior to the expiration of the 30-day period, as to any legitimate reason why the funds will not be received by the Court within the time period.**

**Petitioner is advised that the payment of the filing fee will not guarantee that this Court will reach the merits of petitioner's application.**